**NORTH HILLS TERRACE, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 08–215 C.

United States Court of Federal Claims.

Jan. 28, 2009.

John H. Bell, Searcy, AR, for Plaintiff.

Russell A. Shultis, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., counsel of record for Defendant, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, United States Department of Justice, Washington, D.C.; of counsel was Christopher R. Opfer, Office of Litigation, Department of Housing & Urban Development, Tampa, FL.

**OPINION**

DAMICH, Chief Judge.

North Hills Terrace, Inc. ("North Hills") alleges that the U.S. Department of Housing and Urban Development ("HUD") has and continues to breach their contract by refusing North Hills' requests for approval of a rent increase at its HUD-assisted rental property based on expected vacancies there. North Hills seeks an order requiring HUD to allow rent increases due to expected vacancies, and claims that it is entitled to recover its accumulated debt for operating deficiencies.

The case is now before the Court on Defendant's Motion to Dismiss. The Government argues that the Court lacks jurisdiction to grant the declaratory relief North Hills seeks and, alternatively, that North Hills' Amended Complaint for Declaratory Judgment and Breach of Contract ("Amended Complaint") fails to state a claim upon which

relief may be granted. Agreeing with the Government's second argument, the Court grants the Defendant's Motion to Dismiss.

## I. Background

In September 2004, North Hills requested a rent increase when it submitted its proposed operating budget for the upcoming fiscal year. Am. Compl. ¶ 23. The proposed operating budget included a line item for vacancies at the property. *Id.* HUD denied the "vacancy allowance" that North Hills proposed, explaining that vacancy losses were not allowed when considering budget-based rent increases. *Id.* ¶ 25.

North Hills disagreed and filed suit in the Eastern District of Arkansas. Its case was transferred to this Court in March 2008. In the Amended Complaint North Hills filed in this Court, it "requests that it be granted a declaration of its rights pursuant to its Project Rental Assistance Contract [PRAC] with HUD" and "that this Court order such remedies as are necessary to insure HUD's future compliance with the contract." Am. Compl. at 9.

## II. Discussion

The Government moves to dismiss North Hills' Amended Complaint on two grounds. First, the Government argues that the Court lacks jurisdiction to grant the declaratory relief North Hills seeks. As amended, the Tucker Act, 28 U.S.C. § 1491, affords the Court jurisdiction to grant declaratory relief only in certain circumstances. *See James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998). Alternatively, the Government moves to dismiss on the basis that North Hills has failed to state a claim upon which relief may be granted. Regardless of whether the Court has jurisdiction to grant the declaratory relief sought, if North Hills "cannot assert a set of facts which would support its claim" its entire Amended Complaint must be dismissed. *Mitchell Arms, Inc. v. United States,* 7 F.3d 212, 215 (Fed.Cir.1993).

### A. Declaratory Relief

In its Amended Complaint, North Hills relies on the Declaratory Judgment Act, 28 U.S.C. § 2201, for the proposition that "any

court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); Am. Compl. ¶ 1. North Hills does not assert any other basis for jurisdiction in this Court.

As the Government points out, the Supreme Court has stated that the Declaratory Judgment Act does not extend federal courts' jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."). By itself, the Declaratory Judgment Act does not provide a basis for this Court to exercise jurisdiction. *See Cabral v. United States,* No. 2008–5044, 2008 WL 4532355, at \*1 (Fed. Cir. Oct. 8, 2008); *Rolls–Royce Ltd. v. United States,* 176 Ct.Cl. 694, 364 F.2d 415, 419 (1966) ("The statute is a procedural one and does not supply an independent ground of jurisdiction where none otherwise exists.").

Apparently willing to overlook North Hills' failure to allege an independent basis of jurisdiction for now, the Government argues that even if North Hills did establish jurisdiction under the Tucker Act, the Court still could not grant the declaratory relief North Hills seeks because it is not incidental to a money judgment. This Court has authority to grant declaratory relief in limited circumstances, such as where that relief is "incident of and collateral to" to a money judgment. 28 U.S.C. § 1491(a)(2); *James,* 159 F.3d at 580. But here, regardless of whether North Hills' requests for declaratory relief are incidental to a money judgment they must be dismissed because the plain language of the PRAC leaves no room for the vacancy-based compensation North Hills requests.

### B. Failure to State a Claim Upon Which Relief May be Granted

The Government argues that "[t]o the degree that North Hills is pursuing a claim for breach, its claims should be dismissed because it fails to state a claim that HUD breached the PRAC." Def.'s Mot. to Dismiss

2. As the Government goes on to explain, the plain language of the contract "specifically defines the terms by which an owner may receive rental assistance for operating expenses arising from vacancies." *Id.* at 10.

Section 2.4 of the PRAC, "Project Rental Assistance Payments To Owners," sets out the rental assistance payments that owners can receive. Am. Compl. at 11. Subsection (a) states that payments shall be made to owners for units under lease for occupancy. Subsections (b) and (c) address vacancies, establishing the amounts owners are entitled to receive in the case of vacant units. Provided the owner meets certain requirements, "the Owner is entitled to assistance payments in the amount of 50 percent of the Operating Expense for the unit ... for a vacancy period not exceeding 60 days...." Am. Compl. at 11, PRAC § 2.4(b).

North Hills complains that these "Special Vacancy Claims allowed by HUD may be inadequate ... because these are limited to sixty (60) days per vacancy incident, and for only 50% of the operating rent." Am. Compl. ¶ 40. Thus, North Hills is arguing that the vacancy payments provided for by the contract are insufficient, and it should be entitled to payments beyond those provided for by the contract in order to cover its operating expenses.

In support of this argument, North Hills cites other provisions of the PRAC, including sections 2.3 and 2.7. Am. Compl. ¶¶ 27–29. Section 2.3 does contain a statement that "HUD will ... take such additional steps as may be necessary to assure that payments under the Contract will be adequate to cover increases in Operating Expenses and decreases in tenant payments." Am. Compl. at 11. However, that section addresses HUD's maximum annual commitment, not vacancy-based payments, which are expressly addressed in the following section. Section 2.3 cannot reasonably be understood the way North Hills reads it to contradict the provisions in section 2.4 expressly addressing vacancy payments. The same is true of the language in section 2.7, which provides general terms regarding adjustments to operating expenses. Am. Compl. at 13.

Outside the language of the contract, North Hills identifies what it perceives to be contradictions between a 1992 HUD Handbook, HUD's website, and a provision of the National Housing Act, 12 U.S.C. §§ 1701–1750g. Am. Compl. ¶¶ 30–32. As for the statutory provision, 12 U.S.C. § 1707q(c)(2), the Government explains that "the provision to which North Hills cites does not support its claim." Def.'s Mot. to Dismiss 15. To the contrary, § 1707q(c)(2) reinforces the Government's arguments. The provision does indeed refer both to "units occupied" and those only "held for occupancy." *Id.* However, the contracts obligate HUD to make payments for units merely "held for occupancy" only "as approved by the Secretary." *Id.* Here, the only payments that are approved for units that are held for occupancy are the payments identified in section 2.4(b)-(c) of the PRAC. North Hills cannot demonstrate facts that would entitle it to vacancy payments exceeding those provided for in section 2.4(b)-(c) of the PRAC.

North Hills' response to the Government's motion fails to raise any doubt as to the Government's demonstration that the Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted. The allegations in North Hills' Amended Complaint cannot entitle it to relief.

## III. Conclusion

Defendant's Motion to Dismiss is GRANTED. The Clerk of the Court is directed to dismiss North Hills' Amended Complaint.